IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JEMACO, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GOOD BABY US HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Jemaco, LLC by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1.  Jemaco, LLC ("Jemaco") is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2.  Upon information and belief, Defendant Good Baby US Holdings, Inc. ("GoodBaby" or "Defendant") is a Delaware corporation with a place of business located at 530 Harrison Ave, Boston, MA 02118.

## JURISDICTION AND VENUE

3.  This action arises under the Patent Act, 35 U.S.C. § 1, *et seq.*

4.  Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.  Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

7. United States Patent No. 5,839,748 (the "'748 patent"), entitled "Convertible Stroller" was duly and lawfully issued by the U.S. Patent and Trademark Office on November 24, 1998. A true and correct copy of the ' patent is attached hereto as Exhibit A.

8. The claims of the '748 patent disclose a child stroller which is convertible between a sitting condition, which is adapted to carry a child in a normal sitting position, and a standing condition, which is adapted to carry a child in a standing positon. In the sitting condition, a seat precludes a child from standing on the step.

9. Jemaco is the assignee and owner of the right, title and interest in and to the '748 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,839,748

10. Jemaco repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), GoodBaby has infringed at least claim 1 and 13 of the '748 patent by making, using, importing, offering for sale, and/or selling a stroller that is convertible between a sitting condition, which is adapted to carry a child in a normal sitting position, and a standing condition, which is adapted to carry a child in a standing position, and where a seat precludes a child from standing on the step, including the Evoq Travel System ("Evoq").

12. More specifically, the Evoq meets all of the limitations of Claim 1 as it includes (1) a frame; (2) a plurality of wheels rotatably mounted to the frame, the wheels supporting the frame above the ground when they are in contact with the ground; (3) a seat which in the stroller's sitting condition is secured to the frame generally horizontally at a height above the ground sufficient to enable a child to sit upon the seat in a normal sitting position; (4) a step which in the stroller's standing condition is secured to the frame generally horizontally at a height above the ground which is lower than the height of the seat in the stroller's sitting condition; and (5) a seat which, when the stroller is in a sitting condition, precludes a child from standing on the step.

13. Further, the Evoq also meets all of the limitations of Claim 13 as it is a child stroller that includes (1) a seat; and (2) a step below the seat; (3) where the seat is moveable from a position where it precludes a child from standing on the step to; (4) a position in which a child may stand on the step without interference by the seat.

14. Jemaco is entitled to recover from Defendant the damages sustained by Jemaco as a result of Defendant's infringement of the '748 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Jemaco hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Jemaco requests that this Court enter judgment against Defendant as follows:

A.	An adjudication that Defendant has infringed the '748 patent;

B.	An award of damages to be paid by Defendant adequate to compensate Jemaco for Defendant's past infringement of the '748 patent through the date of the expiration of the '748 patent, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.	A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Jemaco's reasonable attorneys' fees; and

D.	An award to Jemaco of such further relief at law or in equity as the Court deems just and proper.

Dated:  June 16, 2016	/s/ L. Charles van Cleef
L. Charles van Cleef
State Bar No. 00786305 (TX)
Van Cleef Law Office
PO Box 2432
Longview, Texas 75606-2432
Telephone:  (903) 248-8244
Facsimile:  (903) 248-8249
charles@vancleef.pro

Nicole D. Galli (PA SB #78420)
Law Offices of N.D. Galli LLC
2 Penn Center Plaza, Suite 910
1500 JFK Blvd
Philadelphia, PA 19102
Telephone:  (215) 525-9580
Facsimile:   (215) 525-9585
ndgalli@ndgallilaw.com

*Attorneys for Plaintiff Jemaco, LLC*